IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02320-RM-NYW

LINDA HARLAS,

    Plaintiff,

v.

THE BARN LLC, a Colorado Limited Liability Company;
M AND R ENTERPRISES LLC, a Colorado Liability Company; and
CATHERINE HAIGH, an individual,

    Defendants.

---

## ORDER

    This matter is before the Court on Plaintiff Linda Harlas's "Second Amended Partial Motion for Summary Judgment" ("Motion") against Defendants The Barn LLC, M and R Enterprises LLC, and Catherine Haigh, for violating the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 *et seq.* ("CMWA"). (ECF No. 58.) Specifically, Harlas seeks summary judgment on whether she was The Barn LLC's employee. The Motion is fully briefed and is ripe for adjudication. The Court denies Plaintiff's Motion because Plaintiff has failed to establish there is no genuine issue of material fact regarding whether Plaintiff is covered by the FLSA.

    I.    **BACKGROUND**

    Defendant The Barn LLC is a commercial landlord and property management service that leases space to retail tenants in an old lumber barn located in Castle Rock, Colorado. (ECF No. 58-3, ¶ 3a; 76-6, ¶¶ 8–10.) The physical property is separately owned by Defendant M and R

Enterprises LLC ("M and R") and is commonly referred to as "The Barn Antique and Specialty Shops" ("The Barn") (ECF Nos. 76-6, ¶¶ 4–10.) Both Defendant The Barn LLC and Defendant M and R are single member LLCs consisting only of Catherine Haigh.[1] (ECF No. 58-3, ¶ 3c; 59-11, 4:11-13; 76-6, ¶¶ 2–3.) Put simply, Defendant The Barn LLC leases The Barn from Defendant M and R and provides landlord services to tenants/merchants who lease space in The Barn and sell their merchandise, but it does not sell its own merchandise. (ECF No. 59-11, 39:21–40:1, 49:21– 25; 76-6, ¶ 10.)

The Barn is similar to an antique shop wherein tenants lease space and retail merchandise in an "open-air mall" fashion. (ECF No. 76-6, ¶ 8.) Tenants/merchants, colloquially referred to as "Barnies," lease space from Defendant The Barn LLC on a month-by-month basis, and the base rent is due on the last day of the prior month. (ECF No. 76-6, ¶ 11.) Defendant The Barn LLC then uses the Barnies' rent payments as its own lease payment to Defendant M and R. (ECF Nos. 76-6, ¶¶ 4, 10; 59-11, 36:7–18.) Either party could unilaterally decide to discontinue the lease arrangement – the Barny could simply not pay rent or Defendant The Barn LLC could notify the Barny that the Barny's lease will expire within thirty days. (ECF No. 76-6, ¶ 11.)

Plaintiff began her tenancy at The Barn in 2010. (ECF No. 58-3, ¶ 2a.) Until her eviction in May 2018, Plaintiff and her business "Sunday Afternoon Antiques" ("Sunday Afternoon") leased space from Defendant The Barn LLC under a month-by-month lease agreement. (ECF No. 58-3, ¶¶ 2a-b.) The original lease terms required (1) a rent; (2) an operating fee; (3) a credit card transaction fee; and (4) a percent commission on sales. (ECF No. 76-6, ¶ 22.) During the time Plaintiff leased space from Defendant The Barn LLC, she could sell her merchandise outside of The Barn. (ECF No. 58-3, ¶ 2b.)

---

[1] Haigh is a resident of California. (ECF No. 76-6, ¶ 1.)

Under Plaintiff's original lease arrangement, she also agreed to operate the cash register four days per month, which increased periodically throughout the years to eight days per month in February 2017 when Plaintiff leased additional space. (ECF Nos. 58-3, ¶ 2c; 76-6, ¶¶ 15, 22, 24, 51.) It is undisputed Plaintiff worked the cash register about 126.5 days between September 2015 and May 2018. (ECF No. 76-6, ¶¶ 51–52.) Plaintiff was not compensated for her time working the cash register. (ECF No. 76-6, ¶ 35).

The Barn LLC had a manual of policies and procedures called "The Barn LLC Merchant Policy and Procedure Manual" ("PPM"), which was initially the product of several Barnies' efforts in 2012 and has continued to evolve over the years based on tenants' subsequent requests – the relevant edition having been last revised August 28, 2017. (ECF No. 59-1.) Defendant The Barn LLC took over editing and revising the PPM between 2014 and 2015 based on those tenant requests. (ECF Nos. 59-11, ¶ 7; 59-11, 92:14–95:5.)

In its relevant form, the PPM states: "All Merchants of The Barn are REQUIRED to follow all Policies contained herein and all Producers provided by The Barn Management for opening, closing and running The Barn on their work days." (ECF No. 59-1, at 5.) Violating the PPM was grounds for immediate eviction, fine, or probation. (ECF Nos. 59-1, at 6; 59-11, 12:21–15:25.) The Barn LLC also reserved the right to place a Barny on probation, restricting the Barny from working their "required days" and deducting $126.00 from the Barny's sales for every day they would otherwise be required to work. (ECF No. 59-1, at 6.) Defendants do not dispute the PPM allowed The Barn LLC to punish tenants using any of the methods therein. (ECF Nos. 76-1, 13:2–9, 87:14–20; 76-6, ¶ 48; 76-6, ¶¶ 36–38.) The PPM was incorporated into Barnies' lease agreements and treated as lease terms. (ECF No. 59-11, 12:21–13:9.)

In addition to her workdays, Plaintiff volunteered as a shift leader, a concept coined and largely operated by the Barnies themselves. (ECF No. ¶¶ 26–28.) The PPM is notably silent regarding the shift leader position. (*See generally* ECF No. 59-1.) Plaintiff states her duties included all duties related to both opening and closing the Property, making sure Barnies complied with the substitution policies, noting and reporting "issues," and general cleaning, in addition to normal workday duties such as ringing up customer sales. (ECF No. 58-3, ¶ 5a.)

In June 2018, Plaintiff was informed she would not be allowed to work her designated workdays in June 2018 and that Defendant The Barn LLC was terminating her tenancy as of June 30, 2018 due to alleged misconduct involving other Barnies. (ECF No. 76-6, ¶ 59.) Within sixty days of Defendant The Barn LLC's notice that Plaintiff was not allowed to work her required shifts during the month of June, she wrote to The Barn LLC, requesting unpaid wages and commissions. (ECF No. 58-3, ¶ 5d.) Plaintiff did not receive any money. (*Id.*)

Plaintiff seeks partial summary judgment in her favor establishing that during her workdays she was Defendant The Barn LLC's employee within the definition of the FLSA and CMWA. Defendants argue Plaintiff has not shown there is no genuine issue of material fact regarding whether the FLSA protections apply. Plaintiff is inexplicably silent on the threshold issue of her coverage under the FLSA. Therefore, the Court finds there is a genuine issue of material fact regarding whether Plaintiff is in fact covered under the FLSA.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem. Coal Co., Inc.,* 41 F.3d 567, 569-70

(10th Cir. 1994). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Robertson v. Bd. of Cty. Comm'rs of the Cty. of Morgan*, 78 F. Supp. 2d 1142, 1146 (D. Colo. 1999) (citation omitted). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one–sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the non-moving party to move beyond the pleadings and to designate evidence which demonstrates the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. In considering whether summary judgment is appropriate, the facts must be considered in a light most favorable to the non-moving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

"[O]n a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (internal quotation and citation omitted). In doing so, the "nonmoving party must show 'that genuine issues remain for trial 'as to those dispositive mattes for which it carries the burden of proof.'" *Brubach v. City of Albuquerque*, 893 F. Supp. 2d 1216, 1222 (D.N.M. 2012) (citing *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991)).

The Court is "not obligated to comb the record in order to make [a party's] arguments for [it]." *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000). Further, Local Rule 7.1(e) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made." D.C. Colo. L. Civ. R. 7.1(e).

"Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." *Southway v. Cent. Bank of Nigeria*, 149 F. Supp. 2d 1268, 1274 (citations omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

### III. ANALYSIS

A plaintiff seeking to invoke the protections offered by FLSA must satisfy the requirements for either enterprise or individual coverage. *See Reagor v. Okmulgee County Family Resource Center*, 501 Fed. Appx. 805, 808 (10th Cir. 2012) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298–99 (11th Cir. 2011)). *See also Tony & Susan Alamo Found. V. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage"). Enterprise coverage exists where the enterprise is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Individual coverage exists where the employee herself was "engaged in commerce or in the production of goods for commerce." *Id.*

Plaintiff's Motion argues that Plaintiff is defined as an employee under the common law

economic realities test and under the CMWA. *See Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1159–60 (10th Cir. 2018) (*Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)); *see also Dole v. Snell*, 875 F.2d 802, 805 (10th Cir. 1989) (citing *U.S. v. Silk*, 331 U.S. 704, 716 (1947)). In response, Defendants argue Plaintiff has failed to show that the requirements for either enterprise or individual coverage have been met. (ECF No. 74, at 9–13.) In her reply, Plaintiff omits any substantive response to Defendants' coverage arguments, and Plaintiff provides no additional evidence to support her argument that this Court could and should summarily conclude either coverage applies. (ECF No. 77, at 4.) The Court finds there is a genuine issue of material fact regarding whether FLSA coverage applies to Plaintiff either on an enterprise or an individual basis.

### A. Enterprise Coverage

The determination of enterprise coverage under the FLSA is a question of law that must be resolved on the facts of each case. *Donovan v. Weber*, 723 F.2d 1388, 1391–92 (8th Cir. 1984). Even if Defendant The Barn LLC is considered an "enterprise" under the meaning of the FLSA,[2] such a classification does not necessarily mean that an entity is covered by the FLSA. *See Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740, 747 (N.D. Ill. 2011). An enterprise must also be "engaged in commerce." *See* 29 U.S.C. § 203(s)(1). Such an enterprise (1) has two or more employees who are directly engaged in commerce or that has employees handling goods or materials that have been moved in commerce; *and* (2) has annual gross volume sales over $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i), (ii). "To satisfy the first prong, a plaintiff

---

[2] The Court make no finding regarding whether either the Defendants, collectively, or The Barn LLC are "enterprises" within the meaning of the FLSA. *See* 29 U.S.C. § 203(r)(1); *Brennan v. Plaza Shoe Store, Inc.*, 522 F.2d 842, 846 (8th Cir. 1975) (three elements that must be satisfied to be classified as an "enterprise" under section 203(r)(1) of the FLSA are: (1) related activities; (2) unified operation or common control; and (3) a common business purpose).

must demonstrate that, on a regular and recurrent basis, at least two of the [defendant's] employees engaged in commerce or handled goods and material that have been moved in commerce." *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1328 (S.D. Fla. 2016); *see also Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("If an employer has two or more workers engaged in commerce or the production of goods for commerce, the FLSA coverage extends to all the enterprise's employees.").

Here, Plaintiff has provided no evidence about Defendant The Barn LLC's gross sales, or in this case, gross rents. *See, e.g.*, *Brennan v. Dillion*, 483 F.2d 1334, 1337 (10th Cir. 1973) (holding renting out rental property is considered a sale under section 203(k) of the FLSA). In their response, Defendants argue Plaintiff fails to show, or even argue, there is no genuine issue of material facts that would warrant summary judgment on either prong. (ECF No. 74, at 10–11.) Specifically, Defendants argue Plaintiff has openly admitted that Defendant The Barn LLC, as a commercial landlord, does not sell its own merchandise, only engages in renting commercial space, and has not otherwise established that it has employees "engaged in the production of good[s] for commerce or handles goods or materials that have been moved in commerce." (ECF No. 74, at 10); *see also Int'l. Detective & Protective Serv.*, 819 F. Supp. 2d at 747–48 (holding that employees handling out-of-state material to fulfill job responsibilities can be sufficient).

Plaintiff does not address this argument and does not provide any evidence that: (1) Defendant The Barn LLC has two or more employees; or (2) Defendant The Barn LLC annually reaches the gross volume minimum provided in 29 U.S.C. § 203(s)(1)(A). Therefore, Plaintiff has presented no evidence to support a finding that Defendant The Barn LLC qualifies as an "enterprise engaged in commerce" under section 203(s)(1)(A)(i) and (ii) of the FLSA. *See Dillion*, 483 F.2d at 1337.

### B. Individual Coverage

For individual coverage to apply, an employee must "directly participate in the actual movement of persons or things in interstate commerce." *Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 Fed. Appx. 805, 809 (10th Cir. 2012) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)); *see also N.M. Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be actually engaged in the movement of commerce, or in the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof.") To determine whether Plaintiff is engaged in commerce, the Court looks at her activities, not the business's. *Reagor*, 501 Fed. Appx. at 809 (citing *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)). Accordingly, Plaintiff "must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone." *Reagor*, 501 Fed. Appx. at 809 (citing *Thorne*, 448 F.3d at 1266); *see also* 29 C.F.R. § 776.10(b) (requiring regular and recurrent use of instruments of communication as part of job duties). However, isolated or sporadic activities do no satisfy this requirement. *Reagor*, 501 Fed. Appx. at 809 (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)). *See also Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (stating de minimis interstate activities are not covered by FLSA); *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 399 F. Supp. 2d 1282, 1293 n.26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce.")

Defendants argue Plaintiff has not met her burden where she sells merchandise for general local disposition. (ECF No. 74, at 13) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).

Plaintiff limits her response to the applicability of *McLeod*, arguing *McLeod* and all other FLSA cases decided before 1961 are no longer controlling with respect to individual coverage "when a plaintiff asserts that enterprise coverage applies." (ECF No. 77, at 4 (citing *Solis v. La Familia Corp.*, No. 10-CV-2400-EFM-GLR, 2013 WL 589613, at *4 (D. Kan. Feb. 14, 2013)). It is, however, unclear how Plaintiff applies this statement to the facts of this case. Plaintiff seemingly argues *La Familia Corp.* officially recognized *McLeod* as being bad law, but Plaintiff fails to identify how.

First, the *La Familia* court held it did not need to follow *McLeod* with respect to the "*enterprise* engaged in commerce" definition. *La Familia*, 2013 WL 589613, at *4 (citing 29 U.S.C. § 203(s)(1)(A)) (emphasis added). Plaintiff's argument, however, uses the quoted *La Familia* text to discredit Defendants' use of *McLeod* with respect to *individual* coverage. (ECF No. 77, at 4) ("Therefore, Defendants' arguments against an 'individual coverage' theory is baseless."). A careful review of FLSA caselaw suggests there are two separate standards for "engaged in commerce" depending on whether the issue is enterprise or individual coverage. *See Reagor*, 501 Fed. Appx. at 808–11; *see also Brennan v. Jaffey*, 380 F. Supp. 373, 376–378 (1974) (analyzing the effect of the May 1, 1974 amendments to the FLSA). Plaintiff conflates the two.

Furthermore, the Tenth Circuit has recognized *McLeod* as still being applicable law. *See Reagor*, 501 Fed. Appx. at 809 (citing *Thorne*, 448 F.3d at 1266; and *N.M. Pub. Serv. Co.*, 145 F.2d at 638). Not only does *Reagor* – a 2012 case – rely on a pre-1961 Tenth Circuit opinion, it also relies on *Thorne* – a 2006 case where the Eleventh Circuit had the opportunity to revisit whether the 1961 amendments to the FLSA in any way affected the FLSA's existing individual coverage or abrogated *McLeod*'s interpretation of "engaged in commerce" when used in connection with an individual employee. *See Thorne*, 448 F.3d at 1266. *See also Josendis v. Wall*

to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011) ("An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce"); *Martinez v. Palace*, 414 Fed. Appx. 243, 246 (11th Cir. 2011); *Torres*, 244 F. Sup. 3d at 1328.

For example, the Eleventh Circuit in *Martinez* held that while the 1961 amendments expanded the FLSA's coverage by adding enterprise coverage to 29 U.S.C. §§ 206 and 207 and coverage for household domestic service employees at 29 U.S.C. §§ 206(f), 207(l), these amendments had no effect on the pre-1961 definition of "engaged in commerce" within the meaning of individual coverage. *Martinez*, 414 Fed. Appx. at 246.

When given the chance to revisit the *McLeod* decision, the United States Supreme Court made no mention as to whether the 1961 amendments affected the definition of "engaged directly in interstate commerce or in the production of goods for interstate commerce." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce or in the production of goods for interstate commerce."). The Supreme Court noted that enterprise coverage broadened the scope of the FLSA, but it did not say whether the pre-1961 meaning changed when related to individual coverage. *Id.*

Plaintiff appears to argue Defendant The Barn LLC is an enterprise engaged in commerce, which would mean that all of its alleged employees would be covered. *See Polycarpe*, 616 F.3d at 1220. It is unclear whether Plaintiff has in fact asserted enterprise coverage applies. However, it is clear that Plaintiff has failed to establish either the first or second prong required to establish enterprise coverage, 29 U.S.C. § 203(s)(1)(A)(i) and (ii), as explained above. Therefore, Plaintiff's suggested reliance on enterprise coverage is misplaced.

Consequently, Defendants raise the threshold issue of whether FLSA coverage applies to Plaintiff in the first place, and Plaintiff has failed to provide the Court with sufficient evidence that would allow it to reach a conclusion on summary judgment on this threshold issue. The Court need not decide whether Plaintiff is an "employee" under the FLSA without first determining FLSA protections apply in the first place, which the Court is unable to do on the current record.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED

(1) That Plaintiff Linda Harlas's Second Amended Partial Motion for Summary Judgment (ECF No. 58) is DENIED; and

(2) That the briefing has raised issues regarding this Court's jurisdiction to proceed under 28 U.S.C. § 1331. Therefore, the parties shall simultaneously provide the Court with briefs, 10-page maximum, on or before March 5, 2020, arguing their respective positions on the application of the FLSA to this matter.

DATED this 13th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge