IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-02320-RM-NYW

LINDA HARLAS,

    Plaintiff,

v.

THE BARN, LLC, a Colorado Limited Liability Company;
M AND R ENTERPRISES LLC, a Colorado Liability Company; and
CATHERINE HAIGH, an individual,

    Defendants.

___

**ORDER**

___

This matter is before the Court pursuant to its Order (ECF No. 78.) The Court held sua sponte that the parties needed to further brief whether Plaintiff Linda Harlas was protected under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") by either enterprise or individual coverage. Plaintiff and Defendants The Barn, LLC, M and R Enterprises, and Catherine Haigh each submitted supplemental briefing on the issue.

**I.    BACKGROUND**

The undisputed facts of this case were addressed in detail in (ECF No. 78, at 1–4); therefore, the Court will not repeat them here, but will simply summarize the procedural posture since the denial of Plaintiff's Amended Motion for Partial Summary Judgment ("Motion") (ECF No. 74). As the result of Defendants' arguments made in response to Plaintiff's Motion – to which Plaintiff failed to reply (ECF No. 77) – and after denying Plaintiff's Motion, the Court

ordered the parties simultaneously brief whether this Court has jurisdiction to proceed under 28 U.S.C. § 1331 (i.e., whether Plaintiff falls under the protections of the FLSA for either enterprise or individual coverage) and allowed the parties to submit additional evidence. (ECF No. 78, at 12.) The Court did so because in her reply to her Motion, Plaintiff failed to address the arguments raised by Defendants' that Plaintiff failed to establish that it was not a genuine issue of material fact that either (1) The Barn, LLC qualified as an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii), or (2) Plaintiff qualified for individual coverage by "recurrent use [of] an instrument of interstate commerce," 29 C.F.R. §776.10(b). (ECF No. 78, at 7–12.)

After both parties complied with the Order, Plaintiff filed a Notice of Errata ("Notice") identifying a misstatement in her jurisdiction brief. Namely, Plaintiff identifies the final sentence of her brief, stating it should read: "It should be noted that, until the end of 2016, The Barn LLC engaged in interstate commerce by advertising and facilitating the use of an 'online' sales portal from their website, www.thebarncastlerock.com, for another single member LLC, The Barn Online LLC, owned by Catherine Haigh." (ECF No. 82, at 1.) Defendants respond arguing, among other things, Plaintiff's misstatement violates Fed. R. Civ. P. 11(b), and that "the portion of Plaintiff's brief that relate [sic] to the false assertion that The Barn[1] sells merchandise online." (ECF No. 83, ¶ 10.)

## II. DISCUSSION

Upon further review, the Court concludes this is not a matter of subject matter jurisdiction. Instead, the issue is whether there is a genuine issue of material fact as to whether Plaintiff can prove not only that the FLSA applies but that Defendants have violated it. The

---

[1] The Barn Antiques and Specialty shops, colloquially, "The Barn." (*See* ECF No. 78, at 1–2.)

Court concludes Plaintiff cannot prove the former; therefore, summary judgment should enter in favor of Defendants. Fed. R. Civ. P. 56(f)(3) permits a court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." *See Arlin Geophysical v. U.S.*, 696 Fed. App'x 362, 370 (10th Cir. 2017). While the practice of granting summary judgment sua sponte is not favored, the Tenth Circuit has held sua sponte summary judgment will be affirmed "if the losing party was on notice that she had to come forward with all her evidence," and no prejudice would result from a lack of notice. *Id.* (citing *A.M. v. Holmes*, 830 F.3d 1123, 1136–37 (10th Cir. 2016)); *see also Gargano v. Owners Ins. Co.*, 623 Fed. App'x 921, 927 (10th Cir. 2015) (quoting *Johnson v. Weld Cty.*, 594 F.3d 1202, 1214 (10th Cir. 2010)). Here, the Court put Plaintiff on notice that there were serious issues that went unaddressed related to the application of either enterprise or individual coverage under the FLSA. She was given twenty-one days (February 13, 2020 to March 5, 2020) to come forth with all the evidence that would create a genuine issue of material fact as to the application of either coverage.

When a movant claims that there is no genuine issue for trial because a material fact is undisputed, the nonmovant must identify sufficient evidence (pertinent to the material issue) via reference to an affidavit, deposition, transcript, or specific exhibit incorporated therein. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also Phillips v. Calhoun*, 956 F.2d 949, 952–53 (10th Cir. 1992).

The law of FLSA enterprise and individual coverage has not changed since the Court issued its Order denying Plaintiff's Motion; therefore, the law applied is the same as that cited in the Court's previous Order. (*See* ECF No. 78, at 6–12.) A plaintiff seeking to invoke the protections offered by the FLSA must satisfy the requirements for either enterprise or individual

coverage. *See Reagor v. Okmulgee County Family Resource Center*, 501 Fed. App'x 805, 808 (10th Cir. 2012) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298–99 (11th Cir. 2011)). *See also Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage"). Enterprise coverage exists where the enterprise is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Individual coverage exists where the employee herself was "engaged in commerce or in the production of goods for commerce." *Id.* Plaintiff argues that both enterprise and individual coverages apply. [2]

### A. Enterprise Coverage

The determination of enterprise coverage under the FLSA is a question of law that must be resolved on the facts of each case. *Donovan v. Weber*, 723 F.2d 1388, 1391–92 (8th Cir. 1984). An "enterprise" must also be "engaged in commerce" by (1) having two or more employees who are directly engaged in commerce or that has employees handling goods or materials that have been moved in commerce; *and* (2) having annual gross volume sales over $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i), (ii).

Plaintiff, once again, has provided no evidence showing Defendant The Barn, LLC's gross rents, exceed $500,000. *See, e.g.*, *Brennan v. Dillion*, 483 F.2d 1334, 1337 (10th Cir. 1973) (holding renting out rental property is considered a sale under section 203(k) of the FLSA). It has already been established that The Barn, LLC is a commercial landlord and does not sell its own merchandise but engages in renting commercial space to vendors and provides the infrastructure

---

[2] Plaintiff argues, "[a]lthough Plaintiff believes that Defendant(s) would qualify under the Enterprise Coverage, it will be easier to demonstrate Individual Coverage of Plaintiff, Linda Harlas, as the information is more readily available." (ECF No. 79, ¶ 10.) Discovery has closed, meaning the information with which Plaintiff intends to proceed at trial *should* already be in her possession. (ECF No. 19, at 10) (Scheduling Order seeing discovery cut-off at July 26, 2019). In any event, this position is belied by the relatively scant treatment provided to enterprise coverage analysis. (ECF No. 79, ¶ 19.)

for doing so. (ECF No. 74, at 10.) Plaintiff attaches an email from Catherine Haigh from April 2017 stating "[w]e are set to break the $3,000,000 annual sales barrier this year. . . ."[3] (ECF No. 79-4.) However, Plaintiff provides no evidence to suggest how much of that money The Barn, LLC collected. As a commercial landlord, The Barn, LLC does not make direct profits from the vendors' sales, and it is disingenuous for Plaintiff to now argue that The Barn receives the full profits vendors' sales. Instead, it is undisputed The Barn, LLC captures a percentage of vendors' profit as operating fees (e.g., credit card transaction fees, merchant commission fees). Therefore, Plaintiff has failed to provide sufficient evidence that The Barn, LLC receives rents of at least $500,000. Consequently, the Court concludes there is no genuine issue of material fact that Plaintiff is not protected by the FLSA because The Barn, LLC is not an "enterprise engaged in commerce."[4]

### B. Individual Coverage

For individual coverage to apply, an employee must "directly participate in the actual movement of persons or things in interstate commerce." *Reagor*, 501 Fed. App'x at 809 (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)); *see also N.M. Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be actually engaged in the movement of commerce, or in the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof.") To determine whether Plaintiff is engaged in commerce, the Court looks at her activities, not the business's. *Reagor*, 501 Fed. App'x at 809 (citing *Mitchell v. Lublin,*

---

[3] The email further speaks of a 5% Merchant Commission Fee and a 3.5% Credit Card Transaction fee; however, even if the Court were to conclude that The Barn, LLC would receive 8.5% of $3,000,000, it still wouldn't meet the requirement of $500,000. (*See* ECF No. 48.)

[4] To the extent it needs addressed, the portion of Defendants' Response to Plaintiff's Notice seeking to strike a sentence from the Notice is denied.

*McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)). Accordingly, Plaintiff "must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone." *Reagor*, 501 Fed. App'x at 809 (citing *Thorne*, 448 F.3d at 1266); *see also* 29 C.F.R. § 776.10(b) (requiring regular and recurrent use of instruments of communication as part of job duties). Isolated or sporadic activities do not satisfy this requirement. *Reagor*, 501 Fed. App'x at 809 (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)). *See also Kitchings v. Fla. United Methodist Children's Home, Inc.*, 399 F. Supp. 2d 1282, 1293 n.26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce.")

Plaintiff's argument erroneously focuses on interactions as a result of operating *her business* – Sunday Afternoon Antiques. (ECF Nos. 79, ¶¶ 11–15, 18; 79-3.) She implies her "job duties" include those related solely to the profitability of Sunday Afternoon Antiques. However, the Court did not interpret Plaintiff's previous position to include all her time when she was physically in The Barn, even when she was selling her own goods at her area within The Barn.[5]

Instead, the focus is appropriately that Plaintiff was not compensated for her time working the cash register or "workdays." The ultimate question is not whether Plaintiff regularly used instruments of interstate commerce to run her business; the question is whether Plaintiff regularly used instruments of interstate commerce *as part of her duties while working the cash register*. *See Martinez v. Palace*, 414 Fed App'x 243, 246 (11th Cir. 2011). The Court concludes she did not adduce evidence showing that she did, and Plaintiff has not otherwise identified sufficient

---

[5] Even if this were Plaintiff's argument, The Court rejects it because it is contrary to the Supreme Court's holding in *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943) ("[H]andlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not.")

evidence to create a genuine issue of material fact. Therefore, Plaintiff does not qualify for individual coverage under the FLSA.

### C. Supplemental Jurisdiction

The Tenth Circuit classifies supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chi. V. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Because the Court granted summary judgment on Plaintiff's federal claim over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims (ECF No. 1, ¶¶ 103–132) and dismisses them. 28 U.S.C. § 1367(c)(3); *see Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1988); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

### III. CONCLUSION

Based on the foregoing, it is ORDERED

(1) That sua sponte summary judgment on Plaintiff Linda Harlas' claim brought under the FLSA (ECF No. 1, ¶¶ 93–102), is GRANTED in favor of Defendants The Barn, LLC, M and R Enterprises, and Catherine Haigh and against Plaintiff;

(2) That the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and that the remaining state-law claims in Plaintiff's Complaint – violation of Colo. Rev. Stat. §§ 8-4-109, -110 (ECF No. 1, ¶¶ 103–109); declaratory judgment pertaining to a non-compete agreement under Colo. Rev. Stat. § 8-2-113(2) (*Id.* ¶¶ 110–118); violation of Colo. Rev. Stat. § 8-4-105 (*Id.* ¶¶ 119–122); interference with prospective business advantage (*Id.* ¶¶ 123–128); and unjust enrichment (*Id.* ¶¶ 129–132) – are DISMISSED WITHOUT PREJUDICE;

(3) That the portion of Defendants' Response to Plaintiff Notice of Errata (ECF No. 83) seeking to strike portions of Plaintiff's Notice of Errata is DENIED;

(4) That Defendants are awarded costs and shall within 14 days of the date of this Order file a bill of costs, in accordance with the procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk of the Court; and

(5) That the Clerk shall enter JUDGMENT in favor of Defendants and against Plaintiff and shall close this case.

DATED this 15th day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge